**Glen WALKER, Appellant,**

v.

**Larry G. SMITH, Individually and d/b/a Larry G. Smith Construction Machinery, Appellee.**

**No. 5744.**

Court of Civil Appeals of Texas, Waco.

June 9, 1977.

Robert W. Gage, Teague, for appellant.

Maurice Campbell and Fred Horner, Dunnam, Dunnam & Dunnam, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Walker from an order overruling his plea of privilege to be sued in Freestone County, the county of his residence.

Plaintiff Smith sued defendant Walker in McLennan County on an alleged contract for the purchase of a Terex Loader by defendant from plaintiff for $12,500. plus 5% sales tax of $625. Plaintiff alleged defendant paid for said loader with a check, dated June 30, 1976 drawn on the First National Bank of Teague in the sum of $2000. and $10,500. cash from a loan secured from CIT Corporation. The $2,000. check was negotiated by plaintiff and returned unpaid by the bank and marked "Insufficient Funds". Plaintiff prayed judgment for $2,625. plus attorney's fees.

Defendant filed his plea of privilege to be sued in Freestone County.

Plaintiff filed controverting plea asserting venue in McLennan County by virtue of Sections 9 and 7, Article 1995, VATS.

The trial court after hearing overruled defendant's plea of privilege.

Defendant appeals on 4 points contending the trial court erred in overruling his plea of privilege in that:

1) There is no evidence and/or insufficient evidence defendant was guilty of actionable fraud so as to bring him under Subdivision 7, Article 1995.
2) There is no evidence and/or insufficient evidence to sustain a finding by the trial court, defendant was guilty of a crime or offense so as to bring him under Subdivision 9, Article 1995.

Plaintiff testified that on June 30, 1976 he sold a Terex Loader to defendant for $12,500., and in payment defendant arranged financing for $10,500. and gave him a check for $2,000. on the Teague Bank; that he deposited the check immediately for collection, and that same was returned for insufficient funds; that he then sent defendant a certified letter, "return receipt requested" requesting the check be paid, and that the check was never paid.

Witness Harris testified he was present when plaintiff and defendant discussed the transaction and that plaintiff told defendant he would hold the check and not cash it until defendant tested the equipment to see if it worked to his requirements. Defendant testified he took the loader on approval and that no final purchase was made, that he signed the check and the financing papers because plaintiff told him this had to be done before the loader could be taken off the lot to satisfy his bank, but that the check and financing papers would not be negotiated until defendant tried the loader to see if it performed satisfactorily; that if it would not perform, no purchase would be made and that the loader would be picked up by plaintiff. If, however, defendant was satisfied with it, he was to call plaintiff and plaintiff would then negotiate the check and financing papers.

And plaintiff admitted the foregoing to be true; to wit:

"Q Isn't it a fact, Mr. Smith, that you told Mr. Walker that he could take the machine and try it out and that no purchase would be made until that machine . . . until he was satisfied it would do his work?"

"A That's right".

Subdivision 7, Article 1995 provides: "In all cases of fraud * * *, suit may be brought in the county where the fraud was committed * * *".

Subdivision 9, Article 1995 provides: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant * * *".

Defendant has not committed a fraud or a crime or offense since plaintiff admits and all the evidence is that there was no sale until defendant tried the machine out and was satisfied it would do his job. Moreover, it is undisputed defendant had over $2,000. in the bank (above checks issued and outstanding) at the time he gave the check.

Defendant's points and contentions are sustained. The judgment is reversed and judgment here rendered transferring the cause to the 87th District Court of Freestone County.

REVERSED and RENDERED.